43 Cal.2d 472 (1954)
Adoption of DONNA LYNN PIOR, a Minor, RALPH BENNETT et al., Appellants,
v.
DEPARTMENT OF WELFARE OF THE COUNTY OF FRESNO, Respondent.
S. F. No. 19046. 
Supreme Court of California. In Bank. 
Oct. 15, 1954.
 Ralph Moradian for Appellants.
 Elsie M. Farris and Elizabeth Cochran as Amici Curiae on behalf of Appellants.
 Robert M. Wash, County Counsel (Fresno), John E. Loomis and Maurice E. Smith, Assistant County Counsel, for Respondent.
 Edmund G. Brown, Attorney General, Richard L. Mayers, Deputy Attorney General, Clock, Waestman & Clock, Loeb & Loeb, Edward W. Sheridan and Herman F. Selvin as Amici Curiae on behalf of Respondent. *473
 TRAYNOR, J.
 On September 5, 1951, Ralph and Mary Bennett filed a petition to adopt Donna Lynn Pior, a 4-year-old niece of Mary Bennett. The petition alleged that the child's mother, sister of Mary Bennett, was killed in an accident in April, 1951, that the child's father was divorced from his wife and was living in New Mexico, and that he had given his consent to the adoption. The matter was referred to the Department of Welfare of the County of Fresno, the licensed county adoption agency, for investigation and report. The agency submitted a detailed report setting forth the results of its investigation and the reasons for its determination that petitioners' home was not suitable and recommending that the adoption be denied. The facts set forth in the report support the recommendation. [fn. *] At the hearing, however, 19 witnesses testified to the fitness of petitioners to be adoptive parents of the child. A telegram from the father consenting to petitioners' having temporary custody and letters from him stating that he would sign the necessary papers to give petitioners permanent custody were introduced. The evidence also shows, however, that the father subsequently signed a refusal to consent to the adoption and removed the child from petitioners' home. Apart from the foregoing evidence regarding the father's consent, the record discloses, and petitioners concede, that they have not obtained the formal consent of the child's father as required by Civil Code, section 226. [fn. ] *474
 [1] Consent of a father or mother is not necessary, however, when "such father or mother of any child has relinquished said child for adoption as provided in section 224m of this Code." (Civ. Code, 224.) Petitioners invoked this section of the Civil Code and were permitted to amend their petition to conform to proof that the father had executed a relinquishment pursuant to section 224m. They then requested the court to grant the adoption despite the adverse report of the agency. An officer of respondent testified that the father had signed a relinquishment of the child to respondent for adoption, but that a certified copy thereof had not been filed with the State Department of Social Welfare.
 The trial court found that neither the father, the State Department of Social Welfare, nor the Department of Public Welfare of the County of Fresno had consented to the adoption, that the father had not executed a binding relinquishment "by which the Department of Public Welfare of the County of Fresno is authorized to consent to said adoption and by which the consent of the [father] would be rendered unnecessary" and that "since no valid consent has been given by the parent or by the Department of Social Welfare of the State of California or by the Department of Public Welfare of the County of Fresno the Court is without jurisdiction to consider the other allegations of petitioners' petition." The court therefore entered its order denying the petition. Petitioners appeal.
 Petitioners contend that after the father relinquished the child to the Department of Public Welfare of the County of Fresno, his consent to the adoption was no longer necessary, that the relinquishment was valid despite the failure of that agency to file a certified copy thereof with the State Department of Social Welfare, and that the court could grant the petition without the consent of the father, the State Department of Social Welfare, or the Department of Public Welfare of the County of Fresno, and could exercise its independent judgment in the matter without allegation and proof that the agency's refusal of consent was an abuse of discretion.
 Civil Code, section 224m provides: "The relinquishment authorized by this section shall be of no effect whatsoever until a certified copy is filed with the State Department of Social Welfare. ..."
 Petitioners contend that the father was wrongfully influenced by the report of the Department of Public Welfare of the County of Fresno to change his mind and refuse his *475 consent and that the agency obtained the relinquishment and then deliberately failed to file the certified copy thereof to deprive the court of the jurisdiction it would have had to grant the adoption, despite the agency's refusal to consent, had the relinquishment been completed. The evidence does not sustain this contention. Petitioners made no attempt to elicit from the officer of respondent who testified regarding the relinquishment, or from any other witness, any explanation for the agency's not filing the certified copy with the State Department of Social Welfare. [2] Petitioners contend that the certified copy of the relinquishment should have been filed immediately and that equity regards as done what should have been done. The statute does not provide that the relinquishment must be filed immediately. The only parties to the relinquishment are the father and the agency. They may have agreed that the matter be held in abeyance for further consideration by each of them or until a suitable home could be found for the child. [fn. *] The record discloses that the father knew that a certified copy of the relinquishment had not been filed with the State Department of Social Welfare, that he had been advised that he still had custody of the child, and that he subsequently removed the child from petitioner's home.
 [3] Since no binding relinquishment was given by the father, the necessity for his consent to the adoption continued, and since he has not consented thereto, the petition was properly denied.
 The order is affirmed.
 Gibson, C.J., Shenk, J., Edmonds, J., Carter, J., Schauer, J., and Spence, J., concurred.
 "Before relinquishment is signed by the parent or parents the agency shall explain to them the nature of the relinquishment and its finality when it is once filed with the State Department of Social Welfare, but they should be informed that they may change their decision at any time prior to the filing, and that the agency may also change its decision to accept relinquishment." ( 2275.)
NOTES
[fn. *] *. The report showed that petitioners had three sons; that one was then serving a prison term in San Quentin for armed robbery; that he was arrested at the age of 14 for truancy and petty theft and had been a problem for the law-enforcing officers in Fresno for several years; that another son has enlisted in the Air Force as soon as he reached the age of 17; that charges against him resulting in probation officer supervision included grand theft, petty theft, and sodomy; that the probation officers' record states that there was a dire lack of supervision of his activities by his parents; that probation records regarding the third son parallel those of the second, except that there is no indication that he participated in sodomy; that his mother reported that this son was awaiting his seventeenth birthday when he could enlist in one of the armed services and leave home.
[fn. ] . "... the consent of the natural parent or parents to the adoption by the petitioners must be signed in the presence of an agent of the State Department of Social Welfare or of a licensed county adoption agency on a form prescribed by such department and filed with the clerk of the superior court, in the county of the petitioners' residence. ... If the father or mother of a child to be adopted is outside the State of California at the time of signing consent, his or her consent may be signed before a notary or other person authorized to perform notarial acts, and in such case the consent of the Department of Social Welfare or of a licensed county adoption agency will also be necessary. ..."
[fn. *] *. The Adoption Manual of the State Department of Social Welfare provides: